Electronically Filed
3/20/2018 9:53 AM
Fifth Judicial District, Lincoln County
Brenda Farnworth, Clerk of the Court
By: Sarah Thomas, Deputy Clerk

Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICE
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com

MAR 26 2018 PM1:47

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF LINCOLN

\* \* \* \* \*

| | | |
|---|---|---|
| SCOTT DENNING, | ) | Case No. CV32-18-00046 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| v. | ) | |
| | ) | Fee Category: A |
| LINCOLN COUNTY SHERIFF'S OFFICE, | ) | |
| a Public Entity, LINCOLN COUNTY, a | ) | Fee: $221.00 |
| Public Corporation, | ) | |
| | ) | |
| Defendants. | | |

\* \* \* \* \*

COMES NOW, the Plaintiff, Scott Denning, by and through his counsel of record, Hepworth

Law Offices, for a cause of action against the Defendant, hereby states and alleges as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

COMPLAINT AND DEMAND FOR JURY TRIAL - 1



1.      The Plaintiff, Scott Denning (hereinafter referred to as "Denning") is a resident of Dietrich, Lincoln County, State of Idaho.

2.      Defendant, Lincoln County is a public corporation pursuant to I.C. § 31-601 and is therefore liable for the wrongful action of its officers and agents acting under their authority for Lincoln County.

3.      Lincoln County Sheriff's Office, is a governmental sub-entity formed in Lincoln County, Idaho that is also responsible and liable for the wrongful actions of its officers and agents acting under their authority. This Defendant shall hereinafter be referred to as the "LCSO."

4.      Rene Rodriguez, is an officer of LCSO pursuant to I.C. § 31-2001(1). Sheriff Rene Rodriguez shall hereinafter be referred to as the "Sheriff."

5.      This Court has jurisdiction and venue in Lincoln County pursuant to I.C. § 6-2105(3).

## II.

## GENERAL ALLEGATIONS

6.      Sergeant Denning was employed by Defendants from approximately January 2015 until he was wrongfully terminated on December 29, 2017.

7.      Sergeant Denning was hired by LCSO as shift supervisor and was promoted to Sergeant. Denning temporarily served as an interim Chief Deputy, before returning to his position as Sergeant until he was fired on December 29, 2017.

8.      Defendants hired Sergeant Denning and paid him $18.58 an hour at the time of his firing. Sergeant Denning was not paid overtime for hours he worked more than 40 hours a week.

9.      On approximately October 31, 2017, Sergeant Denning received a call from dispatch just as he was clocking off for the evening after working a charity event after his regular hours.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

Dispatch informed Sergeant Denning that Lincoln County Sheriff Rene Rodriguez had requested emergency relief after pursuing a potential criminal incident and may be in an altercation with as many as 20 other individuals.

10.     The incident arose during a time in which Sergeant Denning had personal concerns about Sheriff Rodriguez's fitness for duty in the wake of a messy divorce, potential alcohol abuse, and several public relations incidents in recent months.

11.     Upon arriving at the scene, Sergeant Denning found Sheriff Rodriguez in plain clothes, and Sheriff Rodriguez appeared to have arrived on the scene in an unmarked county vehicle. Sheriff Rodriguez was accompanied by his civilian girlfriend, and approximately 6-8 members of the community, presumably residents of the area, were also on the scene.

12.     Sheriff Rodriguez recounted the incident to Sergeant Denning. Sheriff Rodriguez stated that the incident had begun while Sheriff Rodriguez was celebrating Halloween at the home of his girlfriend's family. Sheriff Rodriguez told Sergeant Denning that he had heard screeching tires and his girlfriend's children reportedly claimed they were almost hit by a vehicle outside their home. Sheriff Rodriguez initiated a search for the alleged vehicle, although he had not personally witnessed the incident and claimed to have been "following the sound of tires." Sheriff Rodriguez stated that for an unknown reason he believed that a person known to the Lincoln County Sheriff's Office believed to be named Gene Schrunk may have been involved. Sheriff Rodriguez thereafter confronted Mr. Schrunk at his home.

13.     According to Sheriff Rodriguez, Mr. Schrunk answered the door and Sheriff Rodriguez asked him to come outside the home and talk to him on the basis that Sheriff Rodriguez claimed he could smell alcohol on Mr. Schrunk. Mr. Schrunk declined to leave his home, at which

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

point Sheriff Rodriguez stated he intended to throw Mr. Schrunk in jail. Sheriff Rodriguez stated that he entered the home, and physically dragged Mr. Schrunk out of the house. The two began a physical altercation. It was at that point that Sheriff Rodriguez's girlfriend called 9-1-1. After the incident, Sheriff Rodriguez convinced another officer, Deputy "Bobby" Wade, to book Mr. Schrunk for delaying and obstructing a law enforcement officer. Based upon Rodriguez's recital of the events, Sergeant Denning advised Sheriff Rodriguez that he was not sure whether there were proper grounds for Mr. Schrunk's arrest at that time. Sheriff Rodriguez persisted.

14.    Within twenty-four hours of the incident, Sergeant Denning approached LCSO Chief Deputy Steve Phillips about the incident. Sergeant Denning advised the Chief Deputy that at the very least, the incident would lead to a waste of public funds because Sheriff Rodriguez's conduct would open the county up for liability, and that Sheriff Rodriguez's conduct was dangerous and unprofessional. Sergeant Denning also noted that Sheriff's Rodriguez violated office policies and regulations by having his girlfriend participate in the incident, and that her presence at the scene may have caused complications as well. Chief Deputy Phillips said that he would talk to Sheriff Rodriguez about the issue.

15.    Within approximately one week, Chief Deputy Phillips called Sergeant Denning to discuss the matter again. During the formal conversation, Sergeant Denning reiterated his concerns that the decision to charge Mr. Schrunk was likely a "bad arrest" and that Sheriff Rodriguez's conduct would lead to federal Section 1983 claim against the Lincoln County Sheriff's Department for Constitutional violations. Sergeant Denning noted that several civilians who had come to the scene had also expressed interest in filing formal complaints with the Idaho State Police, as well as the Idaho Attorney General's Office, and that an investigation needed to be conducted. Rather than

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

conduct further investigation, Chief Deputy Phillips and Sheriff Rodriguez chose to retaliate against Denning.

16.     Following that conversation, Sergeant Denning's relationship with both Sheriff Rodriguez and Deputy Phillips completely deteriorated, and the Lincoln County Sheriff's Office began a campaign of false accusations and harassment against Sergeant Denning.

17.     On December 4, 2017, Sergeant Denning was called in on his day off to come into the office with his county patrol unit. Sheriff Rodriguez personally served Sergeant Denning with a Letter of Suspension and stated that Sergeant Denning was being investigated for allegations of "firearms and evidence issues" that had arisen between October 26, 2017, and November 15, 2017.

18.     After Sergeant Denning was suspended, the Lincoln County Sheriff's Office began expanding its investigation into as many as six allegations of misconduct, dating back to at least October 2016.

19.     Without warning, and before the investigation team released its findings, Sergeant Denning was summarily terminated on December 29, 2017. The termination letter stated that "Upon reviewing the needs of the Lincoln County Sheriff's Office, I have reached the conclusion that your services are no longer required" and was signed by Sheriff Rodriguez.

20.     LCSO has also sought to have Denning decertified from his POST training, which would preclude Denning from continuing his years of service as a law enforcement officer. The POST decertification process has negatively impacted Denning's ability to mitigate his damages by pursuing substantially similar employment with other law enforcement agencies in the State of Idaho.

21.     LCSO's conduct has further caused Sergeant Denning emotional and psychological damages by denying him future economic advantages, and denying him the pleasure, enjoyment, and

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

comfort of serving in law enforcement, a career that has largely defined him for the duration of his adult life.

### III.

### COUNT ONE: VIOLATION OF I.C. § 6-2101 *et seq.* ("IPPEA")

22.     Plaintiff realleges and incorporates by reference all paragraphs set forth above.

23.     Sergeant Denning was employed by Lincoln County and the Lincoln County Sheriff's Office since January 2015 supervised by Lincoln County Sheriff, Rene Rodriguez.

24.     On or about November 1, 2017, Sergeant Denning participated in a "protected activity" under I.C. §6-2101 *et seq.* when he communicated in good faith the existence of a waste of public funds, property or manpower, or a violation or suspected violation of a law, rule or regulation adopted under the law of this state, a political subdivision of this state or the United States regarding Sheriff Rodriguez's conduct to Chief Deputy Steve Phillips. Such communication was made at a time and in a manner that gave the Lincoln County Sheriff's Office reasonable opportunity to correct the waste or violation.

25.     Sergeant Denning again communicated the waste of public funds or suspected violations of law, rule and regulation when Sergeant Denning reiterated his concerns to Deputy Phillips approximately one week later.

26.     On or about December 4, 2017, Sergeant Denning was instructed to report to the Jerome County Sheriff's Office on December 8, 2017, at 10:00 a.m. for an interview in connection with an internal investigation being conducted by the Lincoln County sheriff's Office relating to allegations of firearms and evidence issues which occurred on or about October 26, 2017 and November 15, 2017. Sergeant Denning alleges the investigation was commenced with malicious

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

intent related to his participation in the protected activity, and that such conduct amounted to an "adverse action" under I.C. §6-2101 *et seq*.

25.     On December 29, 2017, Sergeant Denning was issued a termination letter. Termination is an adverse action pursuant to the Idaho Protection for Public Employees Act (IPPEA).

26.     The adverse actions taken by Defendants against Sergeant Denning were because of his participation in protected activities related to the waste of public funds and suspected violations of law, rule, or regulation. The adverse actions amount to acts of retaliation under the IPPEA.

27.     As a result of the wrongful termination of Sergeant Denning in violation of I.C. § 6-2104, Sergeant Denning is entitled to damages including but not limited to:

(a)     Reinstatement to his position or an equivalent position as a full-time employee and reinstatement of full fringe benefits and seniority rights;

(b)     The recovery of attorney fees and court costs incurred in this action as allowed by I.C. § 6-2106(5);

(c)     Compensatory damages for past and future lost wages and benefits that Denning otherwise would have been entitled to as a full-time employee with Lincoln County Sheriff's Department until his retirement at age 70;

(d)     The assessment of a civil fine of not more than $500.00 to be submitted to the State Treasurer.

28.     As a result of Defendant's unlawful conduct toward Sergeant Denning in violation of I.C. § 6-2106(5), Sergeant Denning is entitled to wages, benefits, emotional distress, punitive

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

damages, interest (both pre and post-judgment), attorney fees, costs associated with this action, and any other and further relief this Court deems appropriate.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Denning requests judgment against the Defendant as follows:

1.      For past and future lost wages and benefits in an amount to be determined at trial by jury in an amount exceeding $75,000.00.

2.      For compensatory and consequential damages to be determined at trial;

3.      For reinstatement to a full-time position at the rate of pay not less than his previous hourly rate plus benefits and job protection or front pay in lieu of reinstatement;

4.      For reinstatement of full fringe benefits and seniority rights;

4.      For an award for emotional distress damages, punitive and/or liquidated damages in an amount to be determined at trial;

5.      For an award of interest (both pre- and post-judgment) at the highest lawful rate;

6.      For an award of court costs, including expert witness fees as appropriate, and attorney fees in an amount to be determined at the rate of $400.00 per hour;

7.      For such other legal or equitable damages as this Court deems just and appropriate.

DATED this 20th day of March, 2018.

HEPWORTH LAW OFFICE

By _Jeffrey J. Hepworth_

Jeffrey J. Hepworth
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 8